**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW HAMPSHIRE**

FILED 2026 SEP 14 AM11:25
Clerk of the US Bankruptcy Court NH

In re: Case No. 26-10757-KB

SUZANNE MARY BROWN, Chapter 13

Debtor. Hon. Kimberly Bacher

---

SUZANNE MARY BROWN,

Plaintiff,

v. Adv. Pro. No. TBD

CORNERSTONE CAPITAL STRATEGIES, LLC;

ADAMS EQUITY PARTNERS, LLC

(f/k/a Adams Investments, LLC);

ELI ADAMS, individually and as Personal

Representative of the Estate of Scott B. Adams;

LOUIS BACHETTI, individually;

JSJ AUCTIONS, LLC;

CAROLYN K. COLE, individually;

ELEANOR WM. DAHAR, individually,

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PROTECTING PLAINTIFF'S HOMESTEAD INTEREST AS PROPERTY OF THE ESTATE; EXTENDING PROTECTION OF THE AUTOMATIC STAY TO NON-DEBTOR CATHERINE ELIZABETH BROWN; AND DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

NOW COMES the Plaintiff, Suzanne Mary Brown, appearing pro se, and for her Complaint states as follows.

## I. NATURE OF THE PROCEEDING

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(2), (7), and (9), seeking: a declaration that the August 26, 2026 Sheriff's Sale of the Errol Property is void ab initio, because it determines the validity of an interest in property of the estate; a declaration that Plaintiff's statutory homestead interest in the Errol Property is property of this bankruptcy estate under 11 U.S.C. § 541(a)(1); injunctive relief under 11 U.S.C. § 105(a) extending stay protection to non-debtor Catherine Elizabeth Brown and protecting the Errol Property from further enforcement action; and damages under 11 U.S.C. § 362(k) for willful violations of the automatic stay committed in procuring and completing that sale, including by JSJ Auctions, LLC and by counsel for Defendants personally.

2. This Complaint is filed together with Plaintiff's Emergency Motion in the main bankruptcy case and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed within this Adversary Proceeding. The factual allegations herein are supported by the accompanying Declaration of Suzanne Mary Brown, Part II, attached hereto as Exhibit 1.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), (K), and (N). Venue is proper pursuant to 28 U.S.C. § 1409.

## III. PARTIES

4. Plaintiff Suzanne Mary Brown is the debtor in the above-captioned Chapter 13 case, residing at 114 Lake Umbagog, Errol, New Hampshire (the "Errol Property").

5. Defendant Cornerstone Capital Strategies, LLC is a Rhode Island limited liability company and judgment creditor in Coos County Superior Court Docket No. 214-2021-CV-00058, with its principal office at 610 Clematis Street, Unit 432, West Palm Beach, FL 33401.

6. Defendant Adams Equity Partners, LLC (f/k/a Adams Investments, LLC) is a Florida limited liability company and judgment creditor in the same action.

7. Defendant Eli Adams is an individual, Managing Director of Adams Equity Partners, LLC, and Personal Representative of the Estate of Scott B. Adams, successor in interest to Scott B. Adams, who directed and participated in the conduct described herein until his death on May 16, 2026. As set forth in paragraph 34 below, Plaintiff has reason to believe Defendant Eli Adams was personally present, in the vicinity of, and observing the August 26, 2026 sale.

8. Defendant Louis Bachetti is a managing member and authorized person of Cornerstone Capital Strategies, LLC, as confirmed by Cornerstone's 2026 Annual Report filed with the Rhode Island Secretary of State, which he personally executed, a true and accurate copy of which is attached hereto as

Exhibit 2. Upon information and belief, based on his role as Cornerstone's managing member and the significance of the $295,000 sale to satisfying the judgment underlying this action, Defendant Bachetti authorized, directed, or subsequently ratified the decision of Cornerstone's counsel to proceed with the August 26, 2026 sale, and has continued to authorize and direct Cornerstone's ongoing efforts to enforce that judgment against Plaintiff notwithstanding this bankruptcy filing. Plaintiff sues Defendant Bachetti in his individual capacity for his personal participation in this willful stay violation, independent of the liability of his corporate entity.

9. Defendant JSJ Auctions, LLC is the auction firm that physically conducted the August 26, 2026 sale of the Errol Property, and received actual notice of Plaintiff's bankruptcy filing by both written email and direct telephone communication more than three and a half hours before the sale, as set forth in paragraphs 22-27 below.

10. Defendant Carolyn K. Cole is an individual attorney, admitted to practice in New Hampshire (Bar No. 14549), who personally represented Cornerstone Capital Strategies, LLC and Adams Investments, LLC at the August 26, 2026 sale and personally directed that sale to proceed after receiving actual notice of Plaintiff's bankruptcy filing. Plaintiff sues Defendant Cole in her individual capacity, independent of and in addition to any liability of her clients.

11. Defendant Eleanor Wm. Dahar is an individual attorney who filed an appearance in this bankruptcy case on behalf of Cornerstone Capital Strategies, LLC and Adams Equity Partners, LLC, received actual notice of Plaintiff's bankruptcy filing by both written email and a direct telephone message left with her receptionist more than three hours before the August 26, 2026 sale concluded, and took no apparent action to halt that sale. Plaintiff sues Defendant Dahar in her individual capacity, independent of and in addition to any liability of her clients.

## IV. FACTUAL BACKGROUND

A. Title and Occupancy History

12. Catherine Elizabeth Brown holds sole record title to the Errol Property, by quitclaim deed from White Mountain Organic Growers Association, LLC ("WMOGA"), executed in June 2018 and recorded December 19, 2018, at the Coos County Registry of Deeds, Book 1503, Page 450, at the direction of Vermont State Employees Credit Union's title attorney as a precondition to a since-frustrated refinance. A true and accurate copy of that deed is attached hereto as Exhibit 3.

13. Plaintiff has never held record title to the Errol Property and was not a party to the March 5, 2015 Note, Loan Agreement, or Mortgage in favor of Defendants Cornerstone Capital Strategies, LLC and Adams Investments, LLC (predecessor to Adams Equity Partners, LLC), nor to the Affidavit of Non-Residency executed by Catherine Elizabeth Brown at that closing.

14. Plaintiff and Catherine Elizabeth Brown took permissive possession of the Errol Property in November 2014, before any loan transaction or title transfer, and Plaintiff personally began repairs and renovations necessary to render it habitable at that time. Plaintiff and Catherine Elizabeth Brown have continuously occupied the Errol Property as their primary residence since acquiring title on March 5, 2015, a fact previously found by the Coos County Superior Court in its May 22, 2024 order, a true and accurate copy of which is attached hereto as Exhibit 4.

15. Plaintiff is the thirty-four-year domestic partner of Catherine Elizabeth Brown, predating N.H. Rev. Stat. Ann. § 457:1-a.

B. Plaintiff's Statutory Homestead Interest Is Property of This Estate

16. By virtue of her continuous residence in the Errol Property since 2015 and her domestic partnership with Catherine Elizabeth Brown, Plaintiff holds an automatic statutory homestead right in the Errol Property under N.H. Rev. Stat. Ann. § 480:1. No deed, mortgage, or release of homestead rights bearing Plaintiff's signature has ever been executed, as would be required under N.H. Rev. Stat. Ann. § 480:5-a to encumber or convey that right.

17. "Property interests are created and defined by state law," and, absent a specific bankruptcy provision to the contrary, a bankruptcy court must honor and protect a party's interest in property to the same extent state law would recognize it outside of bankruptcy. Butner v. United States, 440 U.S. 48, 55 (1979). New Hampshire's statutory homestead right is precisely such a state-created property interest, and it accordingly constitutes a "legal or equitable interest[] of the debtor in property" within the meaning of 11 U.S.C. § 541(a)(1), bringing Plaintiff's homestead interest into this bankruptcy estate notwithstanding that record title to the underlying property is held by Catherine Elizabeth Brown.

18. Defendants have repeatedly disputed the existence of Plaintiff's homestead interest, including in the Motion for Criminal and/or Civil Contempt filed August 28, 2026, which asserts that Plaintiff "is not a title-holder to the property... and does not have homestead rights." A true and accurate copy of that Motion is attached hereto as Exhibit 5.

C. The August 25, 2026 Homestead Order Is Not Final Under New Hampshire Law and Is Presently Under Reconsideration

19. On August 25, 2026, following a hearing at which Plaintiff and Catherine Elizabeth Brown did not appear, the Coos County Superior Court entered an order finding that the Errol Property "is not the homestead property of either Catherine Elizabeth Brown and Suzanne Brown," and that Plaintiff and Catherine Elizabeth Brown lacked authority under N.H. Rev. Stat. Ann. §§ 529:20-a and 529:25-a to assert homestead rights to the Coos County Sheriff (the "Homestead Order"). A true and accurate copy of the Homestead Order is attached hereto as Exhibit 6.

20. Plaintiff and Catherine Elizabeth Brown have moved for reconsideration of the Homestead Order pursuant to New Hampshire Superior Court Civil Rule 12, tolling the period for appeal. N.H. Super. Ct. Civ. R. 12. The Homestead Order was entered one day before this bankruptcy case commenced, and necessarily did not, and could not, address the effect of the automatic stay that arose upon Plaintiff's petition on August 26, 2026, or the protections available to Plaintiff's homestead interest as property of this estate.

21. This non-finality is independently significant to this Court's authority to act, because the Rooker-Feldman doctrine applies only to "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," and does not apply where the state order is not final and the federal proceeding does not seek appellate-style review of a completed state judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

D. Actual Notice Was Given to Every Party Capable of Halting the Sale, by Both Email and Telephone

22. At 9:17 a.m. on August 26, 2026, Plaintiff sent written email notice of her bankruptcy filing to Defendant Cole, Defendant Dahar, JSJ Auctions, LLC, and Deputy Sheriff Luc Perreault, more than

three and a half hours before the scheduled 1:00 p.m. sale of the Errol Property. A true and accurate copy of that email is attached hereto as Exhibit 7.

23. Immediately after sending this email, Plaintiff personally telephoned the law office of Defendant Dahar and left a detailed message with her receptionist, providing the bankruptcy case number, the time of filing, and specific notice that the scheduled sale was subject to the automatic stay. Plaintiff separately telephoned the Coos County Sheriff's Office and JSJ Auctions, LLC directly, providing each with the same complete information.

24. Once a party or its counsel receives actual notice of a bankruptcy filing, the automatic stay imposes an affirmative duty to act to discontinue any pending collection action already in progress, not merely a duty to refrain from initiating new collection conduct. See In re Sharon, 234 B.R. 676, 682 (B.A.P. 6th Cir. 1999). Notice sufficient to trigger this duty need not take any particular form, and a debtor's showing of actual notice is sufficient to establish the willfulness required for damages under 11 U.S.C. § 362(k). See Bourne v. Northwood Props., LLC (In re Bourne), 794 F.3d 428, 431-33 (4th Cir. 2015).

25. Defendant Dahar received actual notice of Plaintiff's bankruptcy filing through two independent channels, written email and a direct telephone message left with her own receptionist, more than three hours before the sale concluded. The record reflects no action by Defendant Dahar during that window to notify the Coos County Sheriff's Office, to contact Defendant Cole to halt the sale, or to take any other step to prevent the sale from proceeding in violation of the stay.

26. Plaintiff does not seek relief against the Coos County Sheriff's Office, High Sheriff Keith Roberge, or Deputy Sheriff Luc Perreault in this proceeding. Both conducted themselves professionally and respectfully toward Plaintiff throughout the events of August 26, 2026, and High Sheriff Roberge

candidly acknowledged to Plaintiff, at the time, that the sale could potentially need to be unwound if it was later determined that proceeding had been improper.

27. Unlike the Sheriff's Office, which occupied a ministerial law-enforcement role in executing a facially issued writ, JSJ Auctions, LLC had a direct financial and contractual interest in completing the sale and proceeded to conduct it to conclusion after receiving the same actual notice, by both email and telephone, as every other party.

E. Attorney Cole's Conduct in Directing the Sale to Proceed

28. Plaintiff arrived at the Errol Property approximately ten minutes before the scheduled sale, carrying copies of her bankruptcy filing documents. Defendant Cole approached Plaintiff and, in an aggressive, hostile, and accusatory manner, read aloud the Superior Court's August 25, 2026 Homestead Order and stated that it authorized the sale to proceed.

29. Plaintiff responded calmly but firmly, informing Defendant Cole, in the presence of Sheriff's Office personnel, that the Superior Court's order entered the day before did not and could not address the automatic stay arising from Plaintiff's bankruptcy filing that same morning, and specifically informed Defendant Cole that proceeding with the sale would violate 11 U.S.C. § 362. Defendant Cole directed that the sale proceed regardless of this specific, on-the-record notice of the governing statute.

30. The sale was personally conducted by Deputy Sheriff Perreault and an auctioneer from JSJ Auctions, LLC. At 12:56 p.m., Plaintiff called this Court's Clerk's Office on speakerphone in High Sheriff Roberge's direct presence, and Court staff confirmed the validity and pendency of the bankruptcy filing.

The sale nonetheless proceeded to conclusion at 1:00 p.m., and an unidentified bidder from Vermont was declared the winning bidder at a price of $295,000.00.

31. Defendant Cole's threats of contempt and criminal prosecution, made at the scene before any contempt motion existed, and her personal conduct in directing the sale to proceed after specific notice of the governing statute, are addressed for purposes of the § 362(k) damages claim in Count III below.

F. Plaintiff's Direct Observations at the Sale Warrant Further Inquiry Into Eli Adams's Personal Presence

32. While the sale was proceeding, Plaintiff personally observed a man wearing a blue shirt and khaki shorts, whom the auctioneer referred to as "Eli," and whom Plaintiff presumed, based on that reference and his conduct, to be Defendant Eli Adams. Plaintiff also personally observed a man in business attire speaking at length on a cellular telephone with a serious expression, whom Plaintiff, upon information and belief, suspects may have been a representative of the law firm of Mark Kanakis, though Plaintiff has never met this individual and makes no claim as to the content or recipient of that call.

33. If confirmed through discovery, Defendant Eli Adams's personal presence at the sale would establish that he personally witnessed the sale proceed after actual notice of Plaintiff's bankruptcy filing had been given to every party present, providing an independent, contemporaneous basis for willfulness as to Defendant Eli Adams's role in procuring the sale's completion.

34. Plaintiff is pursuing further confirmation of the identities and communications of these individuals through a pending request under N.H. Rev. Stat. Ann. § 91-A to the Coos County Sheriff's Office and through discovery in this proceeding, and reserves the right to amend this Complaint to add further parties or claims upon confirmation.

G. The Underlying Writ of Execution Was Independently Void

35. The underlying action was removed to the United States District Court for the District of New Hampshire, Case No. 1:25-cv-00375-LM-TSM, and was the subject of an Order of Remand entered November 25, 2025, a true and accurate copy of which is attached hereto as Exhibit 8. Under 28 U.S.C. § 1447(c), the state court may not proceed until the clerk mails a certified copy of the remand order to the clerk of the state court. The Coos County Superior Court's own registry confirms that certified record was not received until August 4, 2026, nearly four months after the April 15, 2026 Writ of Execution issued; a true and accurate copy of the docket entry reflecting that receipt date is attached hereto as Exhibit 9.

36. State court action taken after removal but before a completed remand is a nullity. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 880 (1st Cir. 1983); FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979). The Writ of Execution is void on this independent ground.

H. Creditors Never Provided the Certified-Mail Homestead Notice RSA 529:20-a Requires

37. RSA 529:20-a requires a judgment creditor to provide the debtor advance written notice, by certified mail, of the debtor's homestead exemption rights before any forced sale of a homestead may proceed. Creditors have never provided, and have never claimed to have provided, any such certified-mail notice. This is an independent, statutory defect in the sale.

I. The Threat to Catherine Elizabeth Brown

38. Defendants continue to pursue relief against Catherine Elizabeth Brown individually in Coos County Superior Court Docket No. 214-2021-CV-00058, including a demand that she appear in person in connection with the Errol Property.

39. Because Plaintiff's homestead interest is inseparable from Catherine Elizabeth Brown's underlying title, any state court action stripping Catherine Elizabeth Brown of her title to, or right to occupy, the Errol Property necessarily and simultaneously threatens to extinguish the homestead interest that is property of this estate, warranting the injunctive relief sought in Count II below.

## V. COUNT I — DECLARATORY JUDGMENT: THE AUGUST 26, 2026 SALE IS VOID AB INITIO, AND PLAINTIFF'S HOMESTEAD INTEREST IS PROPERTY OF THE ESTATE

40. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Section 362(a) stays "any act to enforce a judgment obtained before the commencement of the case against property of the estate," 11 U.S.C. § 362(a)(2), and "any act to obtain possession of property of the estate," 11 U.S.C. § 362(a)(3), each effective automatically upon filing. Judicial and enforcement proceedings continued in violation of the automatic stay are void, not merely voidable, and confer no rights on any party who obtains an interest through them. Kalb v. Feuerstein, 308 U.S. 433, 438-40 (1940). A stay violation may be given retroactive validity "only sparingly and in the most compelling circumstances." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir. 1997).

42. Every party capable of halting the sale, Creditors' counsel, the Coos County Sheriff's Office, and the auctioneer, received actual, repeated notice of the bankruptcy filing by both written email and direct

telephone communication, more than three and a half hours before the sale, received specific, on-the-record notice of the governing statute directly from Plaintiff at the scene, and received further confirmation, directly from this Court's own Clerk's Office, four minutes before the sale concluded. No compelling circumstance excuses proceeding to conclusion on this record. The August 26, 2026 sale is void ab initio.

43. Independently, the Writ of Execution underlying the sale was void because it issued, and was executed, before the state court properly regained jurisdiction following remand, as set forth in paragraphs 35-36 above, and because Creditors never provided the certified-mail homestead notice required by RSA 529:20-a, as set forth in paragraph 37 above.

44. An actual controversy exists as to whether Plaintiff's statutory homestead interest in the Errol Property constitutes property of this bankruptcy estate under 11 U.S.C. § 541(a)(1). Plaintiff seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(2), (9), resolving both controversies in her favor.

## VI. COUNT II — INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(a)

45. Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

46. Bankruptcy courts within this Circuit have recognized that a court may enjoin actions against a non-debtor third party where such actions would adversely affect property of the debtor's estate. In re Monarch Capital Corp., 173 B.R. 31, 39 (D. Mass. 1994). This authority is consistent with the "unusual circumstances" doctrine applied nationally. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986); Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287-88 (2d Cir. 2003).

47. Unusual circumstances exist because there is complete identity of interest between Catherine Elizabeth Brown's title and Plaintiff's derivative homestead right, and independently because Defendants have demonstrated a pattern of weaponizing criminal process and forced sale against both Catherine Elizabeth Brown and Plaintiff personally in connection with this same property. See In re Kimbler, 624 B.R. 774, 786-88 (Bankr. E.D.N.C. 2020).

48. Plaintiff satisfies the First Circuit's four-factor test for injunctive relief under § 105(a). See Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); In re Bora Bora Inc., 424 B.R. 17, 25 (Bankr. D.P.R. 2010). The relief Plaintiff seeks does not run afoul of the limitation on bankruptcy courts' equitable authority recognized in Law v. Siegel, 571 U.S. 415 (2014), because it does not create any substantive right not already provided by the Bankruptcy Code, but rather enforces the stay's existing protection of property of the estate.

49. Plaintiff requests that this injunction (a) permanently enjoin Defendants and their counsel from taking any further action to confirm, record, or give effect to the void August 26, 2026 sale; (b) permanently enjoin any action against Catherine Elizabeth Brown that would affect title to, or right to occupy, the Errol Property; and (c) require Defendants to take affirmative steps to remove any cloud on title created by the void sale, including filing a discharge or release of any deed or certificate of sale recorded or attempted to be recorded as a result thereof.

## VII. COUNT III — DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY ARISING FROM THE SALE (11 U.S.C. § 362(k))

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. Section 362(k)(1) provides that an individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A violation is willful where the violator knew of the stay and intentionally committed, or failed to act to discontinue, the conduct violating it. Taggart v. Lorenzen, 587 U.S. 554, 560-64 (2019); In re Sharon, 234 B.R. 676, 682 (B.A.P. 6th Cir. 1999).

52. Defendant Cole personally received actual written notice of Plaintiff's bankruptcy filing at 9:17 a.m., personally replied "This is a joke," and personally directed the sale to proceed after Plaintiff informed her in person that the stay applied and specifically identified 11 U.S.C. § 362 as the statute being violated. This conduct constitutes a willful violation of 11 U.S.C. § 362(a)(1), (a)(2), and (a)(3) by Defendant Cole in her individual capacity, independent of any liability of her clients, insofar as it procured the completion of the void sale.

53. Defendant Dahar's receipt of actual notice by both email and telephone, followed by apparent inaction during the more than three-hour window before the sale concluded, establishes an independent factual basis for finding a willful violation as to Defendant Dahar's own conduct in her individual capacity.

54. JSJ Auctions, LLC received actual notice of Plaintiff's bankruptcy filing by both written email and direct telephone communication more than three and a half hours before conducting the sale to conclusion. Section 362(k)(1) is not limited in its application to judgment creditors; an "individual injured by any willful violation" may recover damages from any entity whose conduct constitutes such a violation. JSJ Auctions, LLC's completion of the sale after actual notice, delivered by two independent

channels, constitutes an independent willful violation of the automatic stay under 11 U.S.C. § 362(a)(3), and Plaintiff seeks actual damages against JSJ Auctions, LLC on this basis.

55. As set forth in paragraphs 32-34 above, Plaintiff personally observed an individual matching Defendant Eli Adams's description present at the sale, providing an independent, contemporaneous basis for willfulness as to Defendant Eli Adams's role in procuring the sale's completion.

56. Upon information and belief, Defendant Louis Bachetti, exercising his authority as managing member of Cornerstone Capital Strategies, LLC, authorized, directed, or ratified Cornerstone's decision to proceed with the August 26, 2026 sale and to continue pursuing collection efforts against Plaintiff after the sale, notwithstanding actual notice of the automatic stay received by Cornerstone's own counsel that same morning. This personal exercise of authority over Cornerstone's willful violation of the stay renders Defendant Bachetti individually liable under 11 U.S.C. § 362(k)(1).

57. If substantiated through discovery, coordination among counsel for multiple Defendant entities, occurring contemporaneously with Defendant Dahar's own documented receipt of actual notice and Defendant Eli Adams's apparent personal presence at the sale, would establish that the stay violations described herein were not isolated acts, supporting an enhanced award of punitive damages under § 362(k)(1). See In re Soares, 107 F.3d 969, 976 (1st Cir. 1997).

58. This Court possesses inherent authority to suspend or remove attorneys from practice before it, and to refer attorney misconduct to state disciplinary authorities, where the attorneys' conduct rises to bad faith or conduct tantamount to bad faith. In re Disciplinary Proceedings, 282 B.R. 79, 85 (B.A.P. 1st Cir. 2002); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991).

59. Plaintiff reserves the right to amend this Count upon receipt of records responsive to her pending RSA 91-A request.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the August 26, 2026 Sheriff's Sale of the Errol Property void ab initio, on each of the independent grounds set forth in Count I above;

B. Declare that Plaintiff's statutory homestead interest in the Errol Property is property of this bankruptcy estate under 11 U.S.C. § 541(a)(1);

C. Enter a preliminary and, upon final hearing, permanent injunction (i) prohibiting Defendants and their counsel from confirming, recording, or giving effect to the void sale, (ii) requiring removal of any resulting cloud on title, and (iii) extending the protections of the automatic stay to Catherine Elizabeth Brown with respect to the Errol Property;

D. Enjoin Defendants, including Louis Bachetti individually, from further prosecuting any action against Catherine Elizabeth Brown in Coos County Superior Court Docket No. 214-2021-CV-00058, or any related proceeding, to the extent it concerns or threatens title to, or occupancy of, the Errol Property;

E. Award Plaintiff actual damages, including costs and attorney's fees, pursuant to 11 U.S.C. § 362(k)(1), against Cornerstone Capital Strategies, LLC, Adams Equity Partners, LLC, Eli Adams, Louis

Bachetti, Carolyn K. Cole, and Eleanor Wm. Dahar, jointly and severally as to the conduct in which each participated in procuring or completing the void sale;

F. Award Plaintiff actual damages against JSJ Auctions, LLC pursuant to 11 U.S.C. § 362(k)(1);

G. Award Plaintiff punitive damages against Carolyn K. Cole individually, in an amount to be determined by this Court following discovery and hearing, in light of her documented conduct in directing the sale to proceed after specific notice of the governing statute;

H. Award Plaintiff punitive damages against the remaining Defendants in an amount to be determined by this Court following discovery and hearing;

I. Order Carolyn K. Cole and Eleanor Wm. Dahar, and any attorney from the law firm of Mark Kanakis found to have participated in the conduct described herein, to show cause why their conduct should not be referred to the New Hampshire Attorney Discipline Office;

J. Award costs; and

K. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Suzanne Mary Brown*

Suzanne Mary Brown, Plaintiff, Pro Se

P.O. Box 253, 114 Lake Umbagog

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

Dated: September 8, 2026

**EXHIBIT LIST**

Exhibit 1: Declaration of Suzanne Mary Brown (Part II)

Exhibit 2: Cornerstone Capital Strategies, LLC Rhode Island Annual Report, 2026

Exhibit 3: Quitclaim Deed, WMOGA to Catherine Elizabeth Brown, executed June 2018, recorded December 19, 2018, Coos County Registry of Deeds, Book 1503, Page 450

Exhibit 4: Coos County Superior Court Order, May 22, 2024

Exhibit 5: Motion for Criminal and/or Civil Contempt, filed August 28, 2026, as docketed at Coos County Superior Court Index No. 226

Exhibit 6: Coos County Superior Court Homestead Order, August 25, 2026

Exhibit 7: Email notice, 9:17 a.m., August 26, 2026

Exhibit 8: Order of Remand, U.S. District Court, District of New Hampshire, Case No. 1:25-cv-00375-LM-TSM, November 25, 2025

Exhibit 9: Coos County Superior Court docket entry reflecting receipt of certified remand record, August 4, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Summons and Complaint in this adversary proceeding, together with the accompanying Declaration of Suzanne Mary Brown and the contemporaneous Emergency Motion for a Temporary Restraining Order, will be served by First Class U.S. Mail, postage prepaid, on each of the following parties promptly upon issuance of the summons by the Clerk of this Court:

Cornerstone Capital Strategies, LLC, c/o John E. Shekarchi, Esq., Resident Agent, 33 College Hill Road, Suite 15C, Warwick, RI 02886 (courtesy copy: 610 Clematis St., Unit 432, West Palm Beach, FL 33401)

Louis Bachetti, individually, 610 Clematis St., Unit 432, West Palm Beach, FL 33401

Adams Equity Partners, LLC, c/o Officer, Managing or General Agent, 1236 Par View Drive, Sanibel, FL 33957

Eli Adams, individually, 31 Wildwood Rd, Marshfield, MA 02050

Eli Adams, as Personal Representative of the Estate of Scott B. Adams, c/o Law Office of Janet Strickland, P.A., 2340 Periwinkle Way, Suite J-1, P.O. Box 445, Sanibel, FL 33957-3220

JSJ Auctions, LLC, c/o Officer, Managing or General Agent, 45 Exeter Road, P.O. Box 400, Epping, NH 03042

Carolyn K. Cole, individually, ColeMyers, PLLC, 18 Bank Street, Lebanon, NH 03766

Eleanor Wm. Dahar, individually, 20 Merrimack Street, Manchester, NH 03101

Office of the United States Trustee, Andrew M. Dudley, Chapter 13 Trustee, PO Box 429, Brunswick, ME 04011

*/s/ Suzanne Mary Brown*

Suzanne Mary Brown

**B1040 (FORM 1040) (12/24)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Suzanne Mary Brown | **DEFENDANTS** Cornerstone Capital Stretegies,LLC; Adams Equity Partners, LLC; Eli Adams, Indiv. and PR for Esate of Scott Adams; Louis Bachetti; JSJ Auctions; (Continued)* |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Suzanne M. Brown, Pro Se; P.O. Box 253, 114 Lake Umbagog, Errol, NH 03579 (603) 828-4860 | **ATTORNEYS** (If Known) Carolyn K. Cole, 18 Bank St., Lebanon, NH 03766' Eleanor Wm. Dehar, 20 Merrimack St., Manchester, NH 03101 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory judgment August 26, 2026 Sheriff Sale is void ab initio under 11 USC 362(a); declaratory judgment that Plaintiff's homestead interest under NH RSA 480:1 is property of the estate under 11 USC 541(a)(1); injunctive relief under 11 USC 105(a); and damages for willful violation of the automatic stay under 11 USC 362(k)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
[2] 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 465,000 plus punitive damages and costs, amount to be determined |

Other Relief Sought Declaration that the underlying Writ of Execution is void; order requiring removal of cloud on title; attorney discipline referral.

*Carolyn K. Cole, individually; Eleanor Wm. Dehar, individually

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Suzanne Mary Brown | BANKRUPTCY CASE NO.<br>26-10757-KB | |
| DISTRICT IN WHICH CASE IS PENDING<br>New Hampshire | DIVISION OFFICE<br>Concord | NAME OF JUDGE<br>Hon. Kimberly Bacher |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>N/A | DEFENDANT<br>N/A | ADVERSARY PROCEEDING NO. N/A |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>N/A | DIVISION OFFICE<br>N/A | NAME OF JUDGE<br>N/A |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>September 8, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Suzanne Mary Brown | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______________ |
| Cornerstone Capital Strategies, LLC, Defendant | ) | |

**SUMMONS IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

____________________ (Clerk of the Bankruptcy Court)

Date: _____________ By: ____________________(Deputy Clerk)

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, ___________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

- ☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ___________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______________ |
| Eli Adams, Individually, Defendant | ) | |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

______________________ (Clerk of the Bankruptcy Court)

Date: ______________ By: ______________________(Deputy Clerk)

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, ___________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

- ☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______________ |
| Eli Adams, as Personal Representative of the Estate of Scott B. Adams, Defendant | ) | |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

____________________ (Clerk of the Bankruptcy Court)

Date: ______________ By: ____________________(Deputy Clerk)

## CERTIFICATE OF SERVICE

I, ____________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑ Residence Service: By leaving the process with the following adult at:

❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑ Publication: The defendant was served as follows: [Describe briefly]

❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______ |
| JSJ Auctions, LLC, Defendant | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

____________________ (Clerk of the Bankruptcy Court)

Date: ____________ By: ____________________(Deputy Clerk)

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, ____________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

- ❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ❑ Residence Service: By leaving the process with the following adult at:

- ❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ❑ Publication: The defendant was served as follows: [Describe briefly]

- ❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

______ District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______ |
| Louis Bachetti, Defendant | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

______ (Clerk of the Bankruptcy Court)

Date: ______ By: ______(Deputy Clerk)

## CERTIFICATE OF SERVICE

I, ____________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑ Residence Service: By leaving the process with the following adult at:

❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑ Publication: The defendant was served as follows: [Describe briefly]

❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

District Of New Hampshire

| | |
|---|---|
| In re Suzanne Mary Brown, Debtor | Case No. 26-10757-KB |
| | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | |
| v. | Adv. Proc. No. ______________ |
| Carolyn K. Cole, Defendant | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

____________________ (Clerk of the Bankruptcy Court)

Date: ______________ By: ______________________(Deputy Clerk)

# CERTIFICATE OF SERVICE

I, ____________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

- ❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ❑ Residence Service: By leaving the process with the following adult at:

- ❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ❑ Publication: The defendant was served as follows: [Describe briefly]

- ❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______ |
| Adams Equity Partners, LLC, Defendant | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

______________________ (Clerk of the Bankruptcy Court)

Date: ______________ By: ______________________(Deputy Clerk)

## CERTIFICATE OF SERVICE

I, ____________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑ Residence Service: By leaving the process with the following adult at:

❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑ Publication: The defendant was served as follows: [Describe briefly]

❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ____________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

District Of New Hampshire

| | | |
|---|---|---|
| In re Suzanne Mary Brown, Debtor | ) | Case No. 26-10757-KB |
| | ) | Chapter 13 |
| Suzanne Mary Brown, Plaintiff | ) | |
| v. | ) | Adv. Proc. No. ______ |
| Eleanor Wm. Dehar, Defendant | ) | |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Attn: Clerk
United States Bankruptcy Court for the District of New Hampshire
55 Pleasant St., Room 200
Concord, NH 03301

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: Suzanne M Brown, Pro Se
P.O. Box 253
114 Lake Umbagog
Errol, NH 03579

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

____________________ (Clerk of the Bankruptcy Court)

Date: ____________ By: ____________________(Deputy Clerk)

B2500A (Form 2500A) (12/15)

## CERTIFICATE OF SERVICE

I, ___________________________(name), certify that service of this summons and a copy of the complaint was made ______________________(date) by:

- ❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ❑ Residence Service: By leaving the process with the following adult at:

- ❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ❑ Publication: The defendant was served as follows: [Describe briefly]

- ❑ State Law: The defendant was served pursuant to the laws of the State of ________, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date ___________ Signature ___________________________________

Print Name: ___________________________

Business Address: ___________________________

___________________________