**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | Case No. 26-10757-KB<br>Chapter 13 |
| Suzanne Mary Brown,<br><br>Debtor. | |

**ORDER DENYING RECONSIDERATION OF DISMISSAL ORDER**

On September 11, 2026, the Debtor Suzanne Mary Brown (the "**Debtor**") filed a Chapter 13 plan. ECF No. 23 (the "**Plan**"). The Debtor failed to notice the Plan for hearing, and did not appear to have served the Plan and notice of hearing, so the Court entered an order (ECF No. 25) (the "**Order**") directing the Debtor to correct these deficiencies by September 18, 2026. The Order was explicit that failure to comply "shall result in this case being dismissed without further notice or hearing." *Id.* The Debtor filed a new plan, but the notice of hearing did not state the time of the confirmation hearing, and the certificate of service did not indicate that the notice of hearing was served. The Court accordingly dismissed the case for the Debtor's failure to comply with Federal Rules of Bankruptcy Procedure 2002(b) and 3015(b) and LBR 3015-1(b). ECF No. 36 (the "**Dismissal Order**").

On September 28, 2026, the Debtor filed an Application for Emergency Hearing on Emergency Motion to Vacate the Amended Order Denying Confirmation and Dismissing Case, and to Reinstate the Case and Related Adversary Proceedings (ECF No. 39) (the "**Application**"). The Application purports to request an emergency hearing under LBR 9013-2, but that Rule only applies when an applicant seeks a hearing on less than 48 hours' notice, while the Application – filed on September 28, 2026 – requests a hearing on October 7, 2026, nine days later. The Application is denied for failure to comply with LBR 9013-2.

The Court will also deny the Debtor's Emergency Motion to Vacate the Amended Order Denying Confirmation and Dismissing Case, and to Reinstate the Case and Related Adversary Proceedings (ECF No. 39-2) (the "**Motion**"). The Court reads the Motion to seek relief from the Dismissal Order under Federal Rule of Civil Procedure 60(b)(1) and Federal Rule of Bankruptcy Procedure 9024 on grounds of "mistake, inadvertence, surprise, or excusable neglect". *In re Sharma*, 647 B.R. 795, 806 (B.A.P. 1st Cir. 2023). Relevant factors in determining whether relief is appropriate include: "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party." *Id.* at 807 (citation modified). The movant must also give the Court "reason to believe that vacating the judgment will not be an empty exercise." *Id.* (citation modified). "Reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." *In re Buscone*, 634 B.R. 152, 173–74 (B.A.P. 1st Cir. 2021) (citation modified).

While the Debtor acted timely in filing the Motion, none of the other factors governing the Motion favor relief. The Motion indicates no exceptional circumstances; rather, the Debtor says she "inadvertently omitted" the time of hearing in her notice, and failed to expressly indicate that she had served her plan or notice of hearing. Accepting the Debtor's representations as true, "a motion for reconsideration is not the venue to undo procedural snafus" like these. *In re Nevarez Bruno*, 2019 WL 2158770, at *2 (Bankr. D.P.R. May 16, 2019) (citation modified). Moreover, the Court finds that the Chapter 13 Trustee and the Debtor's creditors would suffer significant prejudice were the Motion granted, as they would be subjected to further procedurally improper filings by the Debtor. Parties in interest should not be deprived of basic information like the time of hearings because the Debtor cannot comply with the Court's Local Rules. *See*

*McClinton v. Suffolk Cnty. Jail*, 569 F. Supp. 3d 71, 74 (D. Mass. 2021) (a party's "pro se status does not excuse a party from complying with procedural and substantive law", especially where a court previously advised the *pro se* litigant of their responsibilities (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

The Court notes that it previously denied an injunction motion filed by the Debtor because it: (1) failed to provide the hearing time in the notice of hearing; (2) failed to indicate whether the notice of hearing was served on any party; and (3) was styled as an emergency motion, but failed to comply with LBR 9013-2. *See* ECF Nos. 28, 29. Notably, these defects were present in both the Plan and the Application.

Additionally, in a related adversary proceeding filed by the Debtor (Case No. 26-1039) (the "**Adversary Proceeding**"), this Court entered an Order denying the Debtor's Motion for Temporary Restraining Order and a Motion for Preliminary Injunction, as the Motion failed to comply with LBR 9013-1 as (1) the hearing time was not listed in the notice of hearing, (2) the Certificate of Service did not indicate whether the notice of hearing was served, and (3) the proposed order included the wrong case caption. Adv. Proc. ECF No. 4. In that same case, on September 23, 2026, the Court entered an order denying the Debtor's application to set an emergency hearing as her main bankruptcy case was dismissed. Adv. Proc. ECF No. 12. Yet again, the Debtor filed the same motion in that adversary proceeding even though the main bankruptcy case remains dismissed. Adv. Proc. ECF No. 14.

Through her voluminous filings, the Debtor seeks extraordinary relief, including a temporary restraining order, a preliminary injunction and removal of a pending civil action captioned *Suzanne M. Brown v. Joan F. Riemitis*, Docket No. 214-2026-CV-00129, yet she fails to comply with the basic procedural requirements of this Court. Further, the Debtor suggests that

"[t]his matter requires emergency treatment because the termination of the automatic stay has left property of the estate, specifically the Debtor's homestead property located at 114 Lake Umbagog, Errol, New Hampshire, without the protection the automatic stay would otherwise provide, at a time when that property is the subject of an active, disputed conveyance; ongoing risk of further damage pursuant to a break-in on or about September 17, 2026; and at further risk of transfer, encumbrance, or interference." The Adversary Proceeding similarly asserts that the Debtor holds a homestead interest in the 114 Lake Umbagog, Errol, New Hampshire property (the "**Property**"). Adv. Proc. ECF No. 1 ¶¶ 16–18. However, the Coos County Superior Court entered an order on August 25, 2026 providing that the Property was not the homestead property of the Debtor. *See* ECF No. 11 Ex. B; Adv. Proc. ECF No. 1 ¶¶ 19–21. It is clear from the Debtor's filings that her express goal in this case is to relitigate an adverse State court decision. While the Debtor repeatedly argues that the *Rooker-Feldman* doctrine does not apply, *see, e.g.*, Adv. Proc. ECF No. 1 ¶¶ 21, the Court notes that, even if the Debtor is correct about *Rooker-Feldman*, other doctrines such as issue preclusion may also apply to bar the Debtor's attempt at relitigation. *See Tyler v. Hannaford Bros.*, 161 N.H. 242, 246 (2010) (discussing the elements of issue preclusion). Even if preclusion does not apply, the Court notes that the Debtor admits she does not own the Property, and "ownership is required in order to establish a homestead right" in New Hampshire. *Brady v. Sumski*, 176 N.H. 165, 175 (2023). While that issue is not before the Court, it is significant that the Debtor's own admissions appear to foreclose the relief she seeks.

This case presents the Court with a Debtor who repeatedly fails to comply with the same LBRs while improperly seeking to undermine a State court decision through federal litigation, which is generally disfavored and precluded by multiple overlapping doctrines. This combination of the Debtor's serial procedural errors and improper use of the bankruptcy system indicate to

the Court that vacating the Dismissal Order would be "an empty exercise". *Sharma*, 647 B.R. at 807. As the Debtor fails to justify the extraordinary relief she requests in the Motion, it is denied.

Date: September 29, 2026

/s/ Kimberly Bacher
Kimberly Bacher
Chief Bankruptcy Judge